UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                               Civil No. 12-cv-471-JL

$10,400.00 in U.S. Currency

## PROCEDURAL ORDER

In this _in rem_ action for civil asset forfeiture, the United States seeks forfeiture of $10,400.00 recovered during a search of the home of Jason Bean, a suspected methamphetamine dealer. See 21 U.S.C. § 881(a).  Pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Bean has filed a verified claim asserting his interest in the cash.  Bean's claim explains that his "interest in the property is based on his relationship with Ms. Michelle Rowell, who reside[s] in the same household."  Claim (document no. 8) at 2.  It further alleges that "[t]he said currency was in [Bean's] possession but did not belong to [him]," and that Bean only had the currency because Ms. Rowell had received a Social Security award.  Id.  Bean's answer makes a similar assertion. See Answer (document no. 10) ¶ 3 (asserting that Ms. Rowell "owns the $10,400.00 dollars of currency).

As in other types of cases, standing is "a threshold consideration" in civil forfeiture actions; an intervenor making

a claim to the defendant property "must have independent standing." U.S. v. One-Sixth Share of James J. Bulger, 326 F.3d 36, 40 (1st Cir. 2003). This requires the intervenor to "demonstrate an ownership or possessory interest in the seized property." Id. at 41. Initially, the bar is not set very high; "any colorable claim on the defendant property suffices." Id. Here, though, Bean has expressly disclaimed any interest in the defendant property. It would appear, then, that he has no standing to pursue his claim. Cf. U.S. v. 29 Robinson Blvd., No. 10-cv-11236, 2012 WL 3947628, *4 (D. Mass. Sept. 7, 2012) (concluding that claimant did not "demonstrate a colorable claim to" defendant properties where he "not only does not allege an ownership or possessory interest in the properties, but also acknowledges that at least some of the interests he asserts belong to [a third party], not him").

Accordingly, no later than **April 1, 2013**, Bean shall file a memorandum showing cause why his claim to the defendant property should not be dismissed. The preliminary pretrial conference currently scheduled for Tuesday, March 19, 2013 will be continued until after Bean has responded to this order.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  March 18, 2013

cc:  Robert J. Rabuck, Esq.
     Shawn J. Sullivan, Esq.
     Paul A. Maggiotto, Esq.